IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANK MCCLINTON,

    Plaintiff,

v.

STATE OF WISCONSIN
DEPARTMENT OF CORRECTIONS,
SECRETARY EDWARD WALL,
TIMOTHY DUOMA, DR. KARL
HOFFMAN, CATHY JESS, DONALD
STROHOTA,

    Defendants.

OPINION and ORDER

Case No. 17-cv-472-wmc

---

*Pro se* plaintiff Frank McClinton claims that various Wisconsin Department of Corrections ("DOC") officials violated his Eighth and Fourteenth Amendment rights by failing to provide him medical attention. Because McClinton was incarcerated when he filed his complaint and is proceeding *in forma pauperis,* the court must screen his claims under 28 U.S.C. §§ 1915(e)(2) & 1915A. After reviewing the complaint, the court concludes that McClinton's complaint is subject to dismissal, but will nevertheless permit him three weeks to file an amended complaint that addresses the deficiencies explained below.

## OPINION

Plaintiff's claims arise out of defendants' alleged failure to provide him required medical attention from February of 2017 to the present. However, plaintiff may not proceed at this time because his current complaint lacks a "'short and plain statement of [a] claim' sufficient to notify the defendants of the allegations against them and enable

them to file an answer" as required by Federal Rule of Civil Procedure 8. Rule 8(a). *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Specifically, here dismissal is proper because "the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As for plaintiff's first claim, a prison official may violate the Eighth Amendment if he or she is "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "Serious medical needs" include: (1) conditions that are life-threatening or that carry risk of permanent serious impairment if left untreated; (2) withholding of medical care that results in needless pain and suffering; or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" means that the official is aware that the prisoner needs medical treatment, but disregards the risk by consciously failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). Even a delay of just a few days may violate the Eighth Amendment if it caused the inmate's condition to worsen or unnecessarily prolonged his pain. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment.") (citations omitted); *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1039-40 (7th Cir. 2012); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011).

Under this standard, therefore, plaintiff's pleading must at least allege the following three elements:

1. Plaintiff objectively needed medical treatment.

2. Defendants knew that plaintiff needed medical treatment.

3. Despite this knowledge, defendants consciously failed to take reasonable measures to provide the necessary treatment.

As for establishing a prima facie case of discrimination under the equal protection clause of the Fourteenth Amendment, a plaintiff must at least allege that he was: (1) "a member of a protected class"; (2) "otherwise similarly situated to members of the unprotected class"; and (3) "treated differently from members of the unprotected class." *Brown v Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993)). A plaintiff must also plead sufficient facts to show that the defendant acted with a discriminatory purpose -- for example, by having "adopted and implemented a policy not for a neutral . . . reason but for the purpose of discriminating on account of race, religion, or national origin." *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009). In other words, a plaintiff must allege an improper motive, and not merely a discriminatory impact. *See Washington v. Davis*, 426 U.S. 229, 245 (1976).

Absent membership in a protected class, a plaintiff may still state a viable claim under the equal protection clause based on a "class of one" theory by pleading that he was treated differently from other prisoners without any rational basis. *Flynn v. Thatcher,* 819 F.3d 990, 991 (7th Cir. 2016); *May v. Sheahan,* 226 F.3d 876, 882 (7th Cir. 2000) ("In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest."). In order to state a claim in this context, however, plaintiff

"must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *St. John's United Church of Christ v. City of Chi.,* 502 F.3d 616, 639 (7th Cir. 2007).

Comprised of just a few sentences, plaintiff's allegations here are unfortunately devoid of *any* specific factual information to support a claim under either a deliberate indifference or equal protection theory. Rather, he merely alleges a timeline of treatment (February 2017 to the time he filed the complaint) and a conclusory statement that defendants failed to provide medical attention. Those snippets of information, without factual underpinnings to support his conclusions, fail to provide defendants notice of what treatment he needed and did not receive, and certainly do not support a reasonable inference that any of the actions taken or not taken by one or more defendants constituted deliberate indifference or discriminatory treatment in violation of his Eighth or Fourteenth Amendment rights, respectively.

Even if plaintiff *had* alleged sufficient facts suggesting that his lack of medical care violated his constitutional rights, and he has not, plaintiff has also failed to allege that any of the *named* defendants were personally involved in those violations, a requirement for individual liability under § 1983. *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional violation."). At minimum, this requires some explanation of the specific action or inaction of each defendant constituting proof, or permitting a reasonable inference, of deliberate indifference or improper discriminatory motive.

Normally, the failings in plaintiff's pleading would require dismissal of this lawsuit, but out of deference to plaintiff's *pro se* status, the court will give plaintiff an opportunity to amend his complaint to provide more specific, factual information about each defendants' alleged failure to provide him proper medical attention. If plaintiff submits a proposed amended complaint no later than **December 18, 2018**, the court will again screen it under 28 U.S.C. § 1915(e)(2). In preparing an amended complaint, plaintiff should take care to provide specific information about (1) whether he is a member of a protected class, (2) the specific nature of his medical needs, (3) whether each defendants knew about his needs, *and* (4) the actions that each defendant took, or failed to take, in response to his need for medical attention. Plaintiff should also use the legal standards set forth above as guidelines.

Finally, plaintiff should draft the amended complaint as he would tell a basic story to someone. This means that plaintiff should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should then set forth his story in separate, numbered allegations using short and plain statements of fact. After plaintiff finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, plaintiff should make the necessary changes before filing, understanding that he may not be given another chance to replead if he again fails to state a claim.

ORDER

IT IS ORDERED that:

1. Plaintiff Frank McClinton may have until **December 18, 2018,** to amend his complaint to address the deficiencies described above.

2. If McClinton does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2). If the amended complaint fails to comply with this order, the court will dismiss the complaint and this action pursuant to Fed. R. Civ. P. 41(b).

Entered this 27th day of November, 2018.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge