IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANK MCCLINTON,

    Plaintiff,

v.

DR. KARL HOFFMAN,

    Defendant.

OPINION and ORDER

Case No. 17-cv-472-wmc

---

The court granted *pro se* plaintiff Frank McClinton leave to proceed against Dr. Karl Hoffman under 42 U.S.C. § 1983 for discontinuing his tramadol prescription, in violation of his Eighth Amendment right to adequate medical care. On January 19, 2021, the court granted defendants' motion for summary judgment on the merits of McClinton's claim. (Dkt. #54.) On February 8, 2021, McClinton filed a letter, which the court construes as a timely motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) (dkt. #56), and denies, for the reasons that follow.

OPINION

Under Federal Rule of Civil Procedure 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations

1

omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

The court granted defendant's motion for summary judgment because the undisputed evidence of record established that Dr. Hoffman exercised medical judgment in deciding to discontinue plaintiff's tramadol prescription and did not leave plaintiff without pain relief. In particular, Dr. Hoffman opined that tramadol would be an appropriate prescription only if plaintiff were able to lose weight while he was taking that medication, and because he was not losing weight, Dr. Hoffman decided to taper him off of that medication. (Dkt. #54, at 7-8.) Even then, Dr. Hoffman did not leave him without any pain medication; he prescribed plaintiff 500 mg Tylenol, then increased that dosage and added another pain medication when plaintiff's pain complaints continued. (*Id.* at 9.)

In his motion for reconsideration, plaintiff does not identify a manifest error of law or fact in these conclusions. Instead, plaintiff takes issue with the court's observation that McClinton did not file a response to defendants' proposed findings of fact (*see* dkt. #54, at 1-2 n.2), claiming that he "disputed everything" that the court deemed undisputed. Specifically, McClinton claims that he showed how his weight was not a problem and that he pointed out that Dr. Hoffman treated him with deliberate indifference with the medications he provided. He further argues that if the court had recruited counsel for him,

his documents would not have gone missing. However, plaintiff does not direct the court to any specific evidence of record that the court omitted from its consideration, and the court *did* consider the proposed findings of fact that plaintiff submitted in support of his own motion for summary judgment, which were properly filed (*see* dkt. #39), as well as plaintiff's supporting declaration. Specifically, the court considered plaintiff's assertions that he had previously been prescribed oxycodone and that Dr. Hoffman left him in pain (dkt. #54, at 2), as well as his declaration and attachments (*id.* at 4 n.4), but ultimately plaintiff's proposed findings of fact did not create a genuine issue of material fact with respect to whether Dr. Hoffman exercised medical judgment in prescribing plaintiff pain medication. As such, the court sees no basis to reconsider its decision granting defendant's motion for summary judgment.

## ORDER

IT IS ORDERED that plaintiff Frank McClinton's motion to alter or amend (dkt. #56) is DENIED.

Entered this 26th day of April, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

his documents would not have gone missing. However, plaintiff does not direct the court to any specific evidence of record that the court omitted from its consideration, and the court *did* consider the proposed findings of fact that plaintiff submitted in support of his own motion for summary judgment, which were properly filed (*see* dkt. #39), as well as plaintiff's supporting declaration. Specifically, the court considered plaintiff's assertions that he had previously been prescribed oxycodone and that Dr. Hoffman left him in pain (dkt. #54, at 2), as well as his declaration and attachments (*id.* at 4 n.4), but ultimately plaintiff's proposed findings of fact did not create a genuine issue of material fact with respect to whether Dr. Hoffman exercised medical judgment in prescribing plaintiff pain medication. As such, the court sees no basis to reconsider its decision granting defendant's motion for summary judgment.

## ORDER

IT IS ORDERED that plaintiff Frank McClinton's motion to alter or amend (dkt. #56) is DENIED.

Entered this 26th day of April, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge